UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MARIA DEL ROSARIO TORRES CERVANTES,**
**Petitioner,**
**v.**
**WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,**
**Respondents.**

**NO. 5:26-cv-06799-KS**

**ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241 [DKT. NO. 1] AND DENYING EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DKT. NO. 3] AS MOOT**

Before the Court is a “Verified Petition for Writ of Habeas Corpus by a Person in Federal Custody” (“Petition”) (Dkt. No. 1) and “Emergency Application for Temporary Restraining Order and Preliminary Injunction” (“Application”) (Dkt. No. 3) filed by counsel for Petitioner Maria del Rosario Torres Cervantes on November 12, 2026. For the following reasons, the Petition is GRANTED and the Application is DENIED as MOOT.

\\

\\

\\

\\

## BACKGROUND

The Petition alleges that Petitioner is a 40-year-old native and citizen of Mexico who entered the United States on or around September 17, 2005, without inspection. (Dkt. No. 1 ¶ 3.) She alleges that she has lived in the United States for about 21 years, has no prior removal order, is married to a naturalized U.S. citizen, has three U.S. citizen children for whom she is the primary caregiver, and has maintained longstanding employment and community ties. (*Id.* ¶¶ 3-4.) She and her family have a pending immigrant visa case before the National Visa Center after her husband's Form I-130 immigration petition was granted. (*Id.* ¶ 5.)

Petitioner alleges that she was detained on November 10, 2026, when she attended her biometrics appointment—at USCIS' direction—for her I-601A application for a provisional unlawful-presence waiver at the United States Citizenship and Immigration Services ("USCIS") El Monte Application Support Center in City of Industry, California. (*Id.* ¶ 6.) According to the Petition, when she sought an explanation for the arrest, she was only told that she was in the United States unlawfully. (*Id.* ¶ 10.) She alleges she received no individualized reason for requiring her immediate detention at the scheduled appointment and received no copy of an arrest warrant or removal warrant. (*Id.* ¶¶ 9-10.) She has since been transferred to Adelanto ICE Processing Center in Adelanto, California, where she remains detained. (*Id.* ¶ 13.) Petitioner alleges she requires medication for certain health conditions, which she does not have access to in detention. (*Id.* ¶ 95.) Moreover, immediately after her arrest, her children became deeply distressed by her absence. (*Id.* ¶¶ 101-102.)

Petitioner brings four claims challenging her arrest and detention: (1) unlawful warrantless civil immigration arrest and resulting detention in violation of 8 U.S.C. §§ 1226(a) and 1357(a)(2), 8 C.F.R. §§ 236.l(b) and 287.8(c)(2)(ii), and the Fourth Amendment; (2) failure to establish compliance with required initial custody procedures and unlawful application of mandatory detention in violation of violation of 8 U.S.C. § 1226(a), 8 C.F.R. §§ 236.l(c),

236.l(g), 287.3(a), 287.3(c), 287.3(d), 1003.19, and 1236.1, and the Fifth Amendment; (3) a violation of Procedural Due Process under the Fifth Amendment; and (4) a violation of Substantive Due Process under the Fifth Amendment. (*Id.* ¶¶ 149-178.) Petitioner seeks, *inter alia*, immediate release. (*Id.* at 30-31.)

On November 12, 2026, counsel for Plaintiff filed the Petition, with 16 supporting exhibits, and Application. (Dkt. Nos. 1 to 1-16, 3.) On November 13, 2026, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule ("GO 26-05 Notice"). (Dkt. No. 6.) The GO 26-05 Notice directed "Respondents to show cause why the writ of habeas corpus should not be granted." (*Id.* at 1.) More specifically, the GO 26-05 Notice required Respondents to "file a notice of appearance within 3 calendar days" and "file an answer to the habeas petition no later than 7 days." (*Id.* at 2.) On that same day, the Court ordered Respondents to file a response to the Application on or before November 16, 2026. (Dkt. No. 7.) On November 17, 2026, Plaintiff filed a Reply in Support of the Application requesting immediate release, in light of Respondents' failure to comply with the Court's November 13, 2026 Order. (Dkt. No. 8.)

Based upon the foregoing, the Court deems this matter submitted for decision.

## DISCUSSION

28 U.S.C. § 2241 provides, in pertinent part, that a writ of habeas corpus extends to individuals who are in custody "under or by color of the authority of the United States or [are] committed for trial before some court thereof" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020).

Furthermore, 28 U.S.C. § 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto" and that such an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Additionally, "[i]n our adversarial system of adjudication, we follow the principle of party presentation" such that "in both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Moreover, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76 (citation modified). Indeed, "[c]ourts are essentially passive instruments of government" and they "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *Id.* at 376 (citation modified).

Here, Respondents have failed to comply with the GO 26-05 Notice directing Respondents to show cause by entering an appearance within three days of the GO 26-05 Notice. (Dkt. No. 6 at 2.) The GO 26-05 Notice issued on November 13, 2026 directed Respondents to enter an appearance within three calendar days, i.e., on or before November 16, 2026; now four days have passed, and Respondents have yet to file an appearance. Additionally, the Court notes that in setting the briefing schedule for the TRO, the Court ordered Respondents to file a response to the Application on or before November 16, 2026, and, as Petitioner correctly points out, Respondents have failed to do so. (Dkt. Nos. 7, 8.) Consequently, as it does not appear from the face of the Petition that Petitioner "is not entitled"

to relief, and the time to show cause by entering an appearance within three days has passed with none having been shown, the Court finds that it may now "forthwith award the writ." 28 U.S.C. § 2243.

Moreover, the Court agrees with Petitioner that immediate release is appropriate. (*See* Dkt. No. 1 at 31.) "Petitioner's release is necessary to return [her] to the status quo." *Nazarian v. Noem*, Case No. 5:25-cv-KK-DSR, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). Here, the last uncontested status is when Petitioner was free from detention. Such relief is therefore appropriate, and thus the Court orders Petitioner's immediate release.

Because the Court has granted the Petition to order immediate release, the Court denies the Application as MOOT.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the **Petition** and **DENIES** the **Application** as **MOOT**. IT IS ORDERED that Respondents shall immediately release Petitioner Maria del Rosario Torres Cervantes (A-Number 234-926-448) from custody and return all of her property, including all identification and immigration documentation confiscated upon Petitioner's arrest. Respondents shall file a notice within three (3) days of this Order confirming Petitioner's release. IT IS FURTHER ORDERED that Respondents are enjoined from re-detaining Petitioner without notice and a meaningful opportunity to be heard before a neutral decisionmaker.[1] Judgment will be entered accordingly.

---

[1] Petitioner also requests an award of costs and attorney fees. (Dkt. No. 1 at 31.) Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

DATED: November 17, 2026

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE